UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAOLA IMPEDUGLIA | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| v. | : | |
| FAIRWAY INDEPENDENT MORTGAGE COMPANY | : | |
| Defendant. | : | October 11, 2021 |

## NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

1. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Fairway Independent Mortgage Company ("Defendant"), by and through its undersigned counsel, hereby notices the removal of this action to the United States District Court for the District of Connecticut. As grounds in support of this Notice of Removal, Defendant states the following:

### I. TIMELINESS OF REMOVAL

2. On or about September 15, 2021 Plaintiff Paola Impeduglia ("Plaintiff") filed a civil action alleging pregnancy discrimination and retaliation against Defendant in the Superior Court of Connecticut, Judicial District of Bridgeport at Fairfield, Docket No. FBT-CV21-6109754-S (the "Complaint"). Copies of the Summons, and Complaint are attached hereto as **Exhibit A**, pursuant to 28 U.S.C. § 1446(d). These are the only process, pleadings, or orders known by Defendant to have been served in this action.

3. Defendant was served with a copy of Complaint on or around September 10, 2021.

4. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after service of process on Defendant of the Complaint and within 30 days of this matter becoming removable.

## II. VENUE

5. The Superior Court of Connecticut, Judicial District of Bridgeport, is located within the United States District Court for the District of Connecticut. 28 U.S.C. § 86. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

6. This action is properly removable under 28 U.S.C. §1441(b) because the United States District Court has original jurisdiction in this case under 28 U.S.C. §1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

### A. AMOUNT IN CONTROVERSY

7. As set forth above, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . . ."

8. In accordance with Connecticut practice, Plaintiff's Statement of Amount in Demand "requests damages 'in excess of $15,000.'" *Baron v. Maxam N. Am., Inc.*, No. 3:11-CV-198, 2012 WL 1247257, at *3 (D. Conn. April 13, 2012); Pl.'s Compl. at p. 8. Where, as here, "the pleadings are inconclusive as to the amount in controversy, courts may look outside the pleadings to other evidence in the record." *Id.* (*citing Vermande v. Hyundai Motor Am., Inc.*, 352 F.Supp.2d 195, 199 (D. Conn. 2004)).

9. Plaintiff's Complaint contains two counts against Defendant, stating claims for: pregnancy discrimination in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 *et seq.* (Count One); and retaliation in violation of CFEPA, Conn. Gen. Stat. § 46a-60(b)(1) (Count Two).

10. In relation to her claims, Plaintiff seeks monetary damages, which include: compensatory damages; damages for back pay; front pay; lost personal days; emotional distress; pre- and post-judgment interest; as well as attorneys' fees and costs, and other relief. (Pl.'s Compl. at p. 7.)

11. According to the allegations in the Complaint, Plaintiff's employment with Defendant terminated on or about January 14, 2020. (Compl. at ¶ 56). Therefore, as of the date of the Notice of Removal, and assuming Plaintiff has not secured a new position, she has been out of work for over one year and eight months (or about 90 weeks). According to the allegations in the Complaint, Defendant hired Plaintiff as a Production Partner. (Compl. at ¶ 8). As an employee of Defendant, upon information and belief, Plaintiff earned approximately $22.50/hour and worked approximately 40 hours/week. Consequently, as of the date of this Notice of Removal, Plaintiff's alleged lost wages are at least $75,000.00. While Defendant does not concede or admit any damages, based on the likely date of a trial in this matter, Plaintiff's claims for back pay damages, alone, will likely exceed $75,000.00, if she is successful in her claims. Plaintiff also seeks damages for emotional distress, which she has indicated her alleged emotional distress damages exceed $75,000.00.

12. Finally, where attorneys' fees are potentially recoverable pursuant to statute, which is the case here, such fees may be used to satisfy the amount in controversy requirement. *See Kimm v. KCC Trading, Inc.*, No. 10-4880, 2012 WL 171503, at *1 (2d Cir. Jan. 23, 2012); Conn. Gen. Stat. §

46a-104. Given the nature of Plaintiff's claims, her attorneys' fees could exceed $75,000.00 if she is successful.

13. Plaintiff's costs and expenses are accruing and will contribute to the actual amount in controversy.

14. Accordingly, pursuant to 28 U.S.C. §1446(c)(2)(B), although Defendant does not concede or admit that Plaintiff suffered any damages, or that it is liable for any claimed damages, removal is proper because based upon the preponderance of the evidence, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**B.    DIVERSITY OF CITIZENSHIP**

15. According to her Complaint, Plaintiff is a resident and citizen of the state of Connecticut. (*See* Compl. ¶ 1).

16. Defendant is a Texas corporation with its principal place of business in Wisconsin. Thus, under 28 U.S.C. § 1332, Defendant is not a citizen of Connecticut. (*See* Compl. ¶ 2).

17. Therefore, complete diversity exists between the named parties under 28 U.S.C. § 1332, as Defendant is not a citizen of the same state as Plaintiff.

**IV.    CONCLUSION**

18. To date, Defendant has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

19. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal has been served upon all adverse parties and upon the Clerk of the State Court.

20. By removing this matter, Defendant does not waive or intend to waive any defense that may be available to it.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from

the Superior Court of Connecticut, Judicial District of New Haven, to the United States District Court for the District of Connecticut.

          **DEFENDANT,**
          **FAIRWAY INDEPENDENT**
          **MORTGAGE COMPANY**

          By: */s/ Kelly M. Cardin*
          Kelly M. Cardin (CT29162)
          Nicole S. Mulé (CT30624)
          Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
          281 Tresser Blvd., Suite 602
          Stamford, CT 06901
          Telephone: 203.969.3109
          Facsimile: 203.969.3150
          kelly.cardin@ogletree.com
          nicole.mule@ogletree.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 11, 2021, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

                                                          */s/ Nicole S. Mulé*
                                                Nicole S. Mulé

# EXHIBIT A

48795624.1

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

Instructions are on page 2.

| For Information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>www.jud.ct.gov |



☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 1061 Main Street; Bridgeport, CT 06604 | ( 203 ) 579 – 6527 | 10/12/2021 |

| ☒ Judicial District | G.A. | At (City/Town) | Case type code (See list on page 2) |
| ☐ Housing Session | ☐ Number: | Fairfield | Major: M    Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Sabatini and Associates, LLC; One Market Square; Newington, CT 06111 | 052654 |

| Telephone number | Signature of plaintiff (if self-represented) |
| ( 860 ) 667 – 0839 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☐ Yes ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) |

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: IMPEDUGLIA, Paola<br>Address: 43 Youngstown Road; Fairfield, CT 06824 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: FAIRWAY INDEPENDENT MORTGAGE CORPORATION; 4750 S Biltmore Ln.; Madison, Wisconsin 53718<br>Address: Agent: Corporation Service Company; 100 Pearl Street; 17th Floor; MC-CSC1; Hartford, CT 06103 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
The court staff is not allowed to give advice on legal matters.

| Date<br>9-___-2021 | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>James V. Sabatini, Esquire |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| For Court Use Only |
| File Date |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |

Page 1 of 2

RETURN DATE:   October 12, 2021

PAOLA IMPEDUGLIA                    :        SUPERIOR COURT

VS.                                 :        FAIRFIELD JUDICIAL DISTRICT

FAIRWAY INDEPENDENT
MORTGAGE CORPORATION                :        SEPTEMBER 10, 2021

## COMPLAINT

1. Plaintiff Paola Impeduglia was and is a Connecticut citizen residing in the Town of Fairfield.

2. Defendant Fairway Independent Mortgage Corporation was and is a corporation organized and existing under the laws of the State of Texas with a principal place of business located at 4750 S Biltmore Lane, Madison, Wisconsin 53718.

3. Defendant is an employer within the meaning of Connecticut's Fair Employment Practices Act (CFPEA).

4. At times material, plaintiff was an employee within the meaning of Connecticut's Fair Employment Practices Act (CFPEA).

5. Defendant employed plaintiff.

6. At times relevant, defendant employed three (3) or more individuals.

7. Defendant hired plaintiff in March 2019.

8. Plaintiff's job position was Production Partner.

9. Plaintiff was qualified for the job.

10. Plaintiff worked at defendant's Fairfield, Connecticut office.

11. Defendant employs Justin Egan.

12. Egan is a supervisory employee.

13. Egan is the Branch Manager for the Fairfield office.

1

14. Egan supervised plaintiff.

15. Defendant was notified of plaintiff's pregnancy.

16. In July/August 2019, defendant was notified of plaintiff's pregnancy.

17. Defendant was notified of plaintiff's intention to take a maternity leave of absence.

18. In response to plaintiff's pregnancy and intention to take maternity leave, Egan stated to the plaintiff: "before we invest in you, we want to know if you are going to come back."

19. Egan's comment was in direct reference to plaintiff's future maternity leave of absence.

20. Plaintiff notified defendant that she absolutely intended to return to her job following the maternity leave of absence.

21. Defendant interviewed plaintiff as part of its hiring process.

22. Egan interviewed plaintiff for the job.

23. During the job interview, Egan asked plaintiff if she had children; if she was planning on having children; and if she was going to have a baby soon.

24. Plaintiff notified defendant of her due date – March 28, 2020.

25. Plaintiff told defendant that she intended to start her maternity leave when her water breaks.

26. Plaintiff notified defendant that she intended to take a 12 week maternity leave.

27. Defendant wanted plaintiff to take a 8 week maternity leave.

28. Plaintiff developed pregnancy complications.

29. Defendant was notified of plaintiff's pregnancy complications.

30. On or about November 6, 2019, plaintiff was taken out of work due to pregnancy complications.

31. Plaintiff provided defendant with a signed medical authorization.

32. Defendant uses a third party vendor, Matrix Asset Manager, in connection with short term disability claims and leaves of absences.

33. Defendant employs Tiffany Knight.

34. Knight works in defendant's human resources department and her job title is HR Partner.

35. Defendant employs Katie Loehr.

36. Loehr works in defendant's human resources department and her job title is Benefits Specialist.

37. Knight was aware that plaintiff was pregnant.

38. Knight was aware that plaintiff suffered pregnant complications.

39. Loehr was aware that plaintiff was pregnant.

40. Loehr was aware that plaintiff suffered pregnancy complications.

41. Plaintiff's treating health care provider placed her on a leave of absence from work due to the pregnancy complications.

42. The pregnancy complications included post-partum depression and post-traumatic stress.

43. Defendant received medical documentation regarding plaintiff's pregnancy complications including the post-partum depression and post-traumatic stress.

44. Plaintiff's treating health care provider initially identified December 31, 2019 as a probable return to work date.

3

45. Plaintiff's treating health care provider subsequently extended the leave of absence due to the pregnancy-related complications to January 31, 2020.

46. Defendant was notified of plaintiff's request to extend the leave of absence.

47. Defendant was notified of plaintiff's request to extend the leave of absence due to the pregnancy-related complications.

48. In December 2019, plaintiff asked defendant if she could work from home on a temporary basis.

49. Defendant rejected plaintiff's request to work from home temporarily.

50. Defendant employs a Processor who works from home.

51. Plaintiff told defendant that she planned on getting pregnant again.

52. Matrix notified defendant that plaintiff's leave was approved through January 31.

53. On or about January 8, 2020, plaintiff had a telephone conference call with Loehr and Knight.

54. During the January 8, 2020 conference call, defendant notified plaintiff that the leave was approved to January 31, 2020 and she could return to work on February 2, 2020.

55. On or about January 13, 2020, defendant's Human Resources department called plaintiff and told her that they had talked to the Fairfield branch (where plaintiff worked) and concluded that it would be a hardship to accommodate the plaintiff's leave.

56. On January 14, 2020, defendant terminated plaintiff's employment.

57. Any and all excuses to be offered by defendant to explain the termination decision would be a pretext to mask unlawful pregnancy discrimination and/or retaliation.

58. Plaintiff filed a complaint against defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO) on or about April 2, 2020

59. Plaintiff received a Release of Jurisdiction from the CHRO on June 22, 2021 (Exhibit 1).

### FIRST COUNT
### (Pregnancy Discrimination – C.G.S. §46a-60(b)(7))

1. Plaintiff repeats the allegations paragraphs 1 through 59 as if fully incorporated herein.

60. Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60(b)(7) in one or more of the following ways.

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's pregnancy;

   b. In that defendant limited and classified the plaintiff by her pregnancy in such a way that deprived her of her employment and/or employment opportunities;

   c. In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

   d. In that defendant treated the plaintiff adversely different from similarly situated employees;

   e. In that defendant terminated the plaintiff from her employment on account of her pregnancy;

   f. In that defendant failed or refused to reinstate plaintiff to her original job or to an equivalent position with equivalent pay and accumulated seniority, retirement, fringe benefits and other service credits upon plaintiff's signifying her intent to return her job;

g.  In that defendant refused to grant plaintiff a reasonable leave of absence for disability resulting from her pregnancy;

h.  In that defendant failed or refused to make a reasonable accommodation for the plaintiff due to her pregnancy.

61. As a result of defendant's violations of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(7), plaintiff suffered harms and losses including: loss of employment, loss of income and wages and loss of benefits to which she was entitled under defendant's employee benefits plan, and medical bills.

62. As a further result of defendant's termination of plaintiff, plaintiff has suffered severe humiliation, embarrassment, emotional distress and harm to her professional and personal reputations.

63. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and discriminatory acts.

## SECOND COUNT
### (Retaliation in Violation of C.G.S. §46a-60(b)(7))

1. Plaintiff repeats the allegations paragraphs 1 through 63 as if fully incorporated herein.

64. Defendant, by and through its agents and/or employees, retaliated against the plaintiff for requesting a reasonable accommodation in violation of C.G.S. §46a-60(b)(7)(K).

65. Plaintiff sustained harms and losses because of defendant's retaliation.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; reasonable attorneys' fees; costs; statutory punitive damages; interest; job reinstatement; pre-judgment interest; post judgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 10th day of September, 2021.

_____
James V. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

_____
James V. Sabatini

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

# EXHIBIT 1

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Paola Impeduglia
COMPLAINANT

CHRO No. 2020426

vs.

EEOC No. 16A-2020-00898

Fairway Independent Mortgage Corporation
RESPONDENT

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE: June 22, 2021

Tanya A. Hughes, Executive Director

mrm
Service:
Complainant: Paola Impeduglia paulaimped@yahoo.com
Complainant's Counsel: James V. Sabatini, sa@sbatinilaw.com; jackie@sabatinilaw.com
Respondent's Attorney: Nicole S. Mule, Nicole.mule@olgetree.com