UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAOLA IMPEDUGLIA | : | CIVIL ACTION NO.:3:21-cv-01342-JAM |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FAIRWAY INDEPENDENT | : | |
| MORTGAGE CORPORATION | : | |
| | : | |
| Defendant. | : | November 17, 2021 |

**DEFENDANT'S ANSWER & DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Fairway Independent Mortgage Corporation ("Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff Paola Impeduglia's ("Plaintiff") Complaint dated September 10, 2021 and removed to this Court on October 11, 2021.

**COMPLAINT**

1.      Admit, upon information and belief, that Plaintiff is Paola Impeduglia.  Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 1 and, therefore, denies.

2.      Admit.

3.      The allegations in Paragraph 3 are a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies.

4.      The allegations in Paragraph 4 are a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies.

5.      Admit.

6.      Admit.

7.      Deny, except admit that Plaintiff was hired by Defendant on April 22, 2019.

1

8.      Admit.

9.      Deny.

10.     Admit.

11.     Admit.

12.     The allegations in Paragraph 12 are a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies.

13.     Admit.

14.     Denied, except to admit Plaintiff reported to Mr. Egan.

15.     Defendant is unable to respond to this allegation, given the vague and ambiguous nature of the referenced notification. To the extent a response is required, Defendant denies.

16.     Deny, except admit that in or around Summer of 2019 Plaintiff informed Defendant that she was pregnant.

17.     Deny.

18.     Deny.

19.     Deny.

20.     Deny.

21.     Admit.

22.     Deny, except admit that Egan was one of the individuals who conducted a job interview of Plaintiff.

23.     Deny.

24.     Defendant is unable to respond to this allegation, given the vague and ambiguous nature of the referenced notice. To the extent a response is required, Defendant denies.

25.     Deny.

26.     Deny.

27.     Deny.

28.     Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 28, and therefore Defendant denies.

29.     Defendant is unable to respond to this allegation, given the vague and ambiguous nature of the referenced notice. To the extent a response is required, Defendant denies.

30.     Deny, except to admit that on or about November 6, 2019, Plaintiff was absent from work.

31.     Deny.

32.     Deny, except admit that Defendant utilized Matrix Asset Management ("Matrix") during Plaintiff's employment for purposes of administering short-term disability claims.

33.     Admit.

34.     Deny, except to admit Ms. Knight held the position of Human Resources Business Partner.

35.     Admit.

36.     Deny, except to admit Ms. Loehr held the position of Benefits Specialist.

37.     Deny.

38.     Deny.

39.     Deny.

40.     Deny.

41.     Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 41, therefore Defendant denies.

42.     Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 42, therefore Defendant denies.

43.     Deny, except admit Defendant received medical documentation regarding Plaintiff.

44.     Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 44, therefore Defendant denies

45.     Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 45, therefore Defendant denies.

46.     Deny, except admit that in or around early January 2020, Plaintiff communicated with Katie Loehr regarding Plaintiff's request to take additional leave.

47.     Deny, except admit that in or around early January 2020, Plaintiff communicated with Katie Loehr regarding Plaintiff's request to take additional leave.

48.     Deny, except to admit that Plaintiff told Kristine Egan in or around December 2019 that she wanted to work from home.

49.     Deny.

50.     Defendant is unable to respond to this allegation, given the vague and ambiguous nature of the referenced "Processor." To the extent a response is required, Defendant denies.

51.     Deny.

52.     Deny.

53.     Admit.

54.     Deny.

55.     Deny.

56.     Admit.

57.     Deny.

58.     Defendant admits that Plaintiff filed an administrative charge with the Connecticut Commission on Human Rights and Opportunities, the remaining allegations are denied.

59.     Deny, except admit that the Release of Jurisdiction and Notice of Right to Sue are documents, the contents of which speaks for itself.

## FIRST COUNT

### (Pregnancy Discrimination - C.G.S. §46a-60(b)(7))

1.     Defendant hereby repeats and reasserts its responses to Paragraphs 1 through 59 of the Complaint as if fully set forth herein.

60.     Deny.

61.     Deny.

62.     Deny.

63.     Deny.

## SECOND COUNT

### (Retaliation in Violation of C.G.S. §46a-60(b)(7))

1.     Defendant hereby repeats and reasserts its responses to Paragraphs 1 through 63 of the Complaint as if fully set forth herein.

64.     Deny.

65.     Deny.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have, Defendant asserts the following defenses:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent she relies on allegations of conduct that occurred more than 300 days prior to the filing of her administrative complaint.

## THIRD DEFENSE

Plaintiff's claims are time barred to the extent they were not commenced within the applicable statute of limitations.

## FOURTH DEFENSE

At all times relevant, Defendant acted in good faith and for legitimate business reasons and did not violate any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

## FIFTH DEFENSE

Plaintiff's claims fail because she was treated in a legitimate nondiscriminatory manner.

## SIXTH DEFENSE

Defendant states that it maintained a policy prohibiting harassment, discrimination and retaliation, and a procedure for the resolution of complaints alleging harassment, discrimination and retaliation and Plaintiff failed to avail herself of these procedures.

## SEVENTH DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted, as Plaintiff is not disabled.

## EIGHTH DEFENSE

Plaintiff was unqualified to perform the essential functions of her position, with or without an accommodation.

## NINTH DEFENSE

Plaintiff's requested accommodation would have posed an undue burden on Defendant.

## TENTH DEFENSE

In the event that Plaintiff can demonstrate that her alleged disability or any protected characteristic was a motivating factor in any alleged employment decision that she challenges, she is not entitled to money damages or other relief because the Defendant would have taken the same action in the absence of any such impermissible factor.

## ELEVENTH DEFENSE

To the extent that Plaintiff failed to mitigate, minimize or avoid any damages allegedly sustained, any recovery against Defendant must be reduced accordingly.

## TWELFTH DEFENSE

Any alleged damages suffered by Plaintiff were in no way caused by, or the result of, any fault, act or omission by Defendant, but rather were caused by circumstances, persons, and/or entities for which and/or for whom Defendant is not and may not be held responsible, including Plaintiff, for which Defendant cannot be held liable.

## THIRTEENTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred as Defendant's alleged actions were justified by its good faith but mistaken belief.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional defenses as may arise during the course of this litigation and as discovery continues.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in Defendant's favor on the claims in the Original Complaint, award Defendant's costs and reasonable attorney's fees, and grant Defendant such other relief that the Court may deem just and proper.

> DEFENDANT,
> FAIRWAY INDEPENDENT
> MORTGAGE COMPANY
>
> By:___*/s/ Nicole S. Mulé*_____
> Kelly M. Cardin (CT29162)
> Nicole S. Mulé (CT30624)
> Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
> 281 Tresser Blvd., Suite 602
> Stamford, CT 06901
> Telephone: 203.969.3109
> Facsimile: 203.969.3150
> kelly.cardin@ogletree.com
> nicole.mule@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2021, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.


_____*/s/ Nicole S. Mulé*_____
Nicole S. Mulé


48904568.2