UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAOLA IMPEDUGLIA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Case No.: 3:21-cv-01342 (OAW) |
| V. | : | |
| | : | |
| FAIRWAY INDEPENDENT | : | |
| MORTGAGE CORPORATION, | : | |
| | : | |
| Defendant. | : | April 7, 2022 |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Plaintiff objects to defendant's Motion to Compel Arbitration.  Specifically, plaintiff objects on the basis that the arbitration agreement is unenforceable.

Plaintiff submits a Memorandum of Law in support of the Objection.


Respectfully Submitted,


By /s/ James V. Sabatini
James V. Sabatini, Esquire     CT 19899
Sabatini and Associates, LLC
One Market Square
Newington, CT   06111
Tel. No.:  860-667-0839
Fax No.:  860-667-0867
e-mail:  jsabatini@sabatinilaw.com

Attorney for Plaintiff

1

**ELECTRONIC CERTIFICATE OF SERVICE**

      I hereby certify that on April 7, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.   Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing.   Parties may access this filing through the Court's CM/ECF System.

                          /s/ James V. Sabatini
                            James V. Sabatini

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAOLA IMPEDUGLIA, : | |
| : | |
| Plaintiff, : | |
| : | Civil Case No.: 3:21-cv-01342 (OAW) |
| V. : | |
| : | |
| FAIRWAY INDEPENDENT : | |
| MORTGAGE CORPORATION, : | |
| : | |
| Defendant. : | April 7, 2022 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION**

**I.      INTRODUCTION**

This brings the following claims under Connecticut's Fair Employment Practices Act (CFEPA): (1) pregnancy discrimination; and (2) retaliation.

**II.     FACTS**

Plaintiff filed her Complaint in Connecticut Superior Court on September 15, 2021. Defendant removed the case to federal court on October 12, 2021 on the basis of diversity of citizenship.   On November 24, 2021, the parties submitted their Rule 26(f) Report.

On January 3, 2022, defense counsel learned of the existence of their client's arbitration agreement (See Def's Memorandum at p. 9).   Defense counsel then emailed plaintiff's counsel regarding the arbitration agreement.   Plaintiff's counsel's emailed back pointing out issues with the arbitration agreement including the language in the agreement requiring the plaintiff to travel to Dallas, Texas for the arbitration hearing; having to submit to the Texas rules of evidence and Texas substantive law.   This language renders the arbitration agreement unenforceable.

**III.    LAW AND ARGUMENT**

3

A.     **Legal Standard**

The question of whether an arbitration agreement is enforceable is a question for a court to decide.

Whether the costs of the arbitral forum effectively prevent a plaintiff from vindicating his or her statutory rights, thereby rendering an arbitration agreement unenforceable, also is a question for the court. See Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), Morrison v. Circuit City Stores, Inc., 317 F.3d 646 (6th Cir. 2003).

It is a basic principle of contract law that "an unenforceable provision cannot be severed when it goes to the 'essence' of the contract." Hayes, 811 F.3d at 675–76 (citing 8 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 19:73 (4th ed. 1993)).

B.     **Texas Rules of Evidence and Texas Substantive Law**

Defendant's arbitration agreement requires plaintiff to submit to the Texas Rules of Evidence and Texas substantive law.   Plaintiff did not work in the State of Texas.   Plaintiff does not live in the State of Texas.   Plaintiff's counsel practices law in the State of Connecticut. Plaintiff's legal claims are brought under Connecticut's Fair Employment Practices Act (CEFPA).   The claims were filed first with the Connecticut Commission on Human Rights and Opportunities (CHRO) and then in Connecticut court.   Texas law and rules have nothing to do with plaintiff's legal claims.   But, the arbitration agreement requires the arbitrator to apply Texas substantive and procedural laws "except to the extent prohibited by the laws of your work location...".

Plaintiff is unaware of a Connecticut law that prohibits an arbitrator to not apply substantive and procedural law of the jurisdiction set forth in the arbitration agreement.   Thus,

the arbitrator would be compelled to apply Texas substantive and procedural law.   It renders defendant's arbitration scheme a sham.   A sham arbitration agreement is enforceable.

### C.    Complete Waiver of Right to Appeal

Defendant's arbitration agreement completely waives the right to appeal the arbitration decision.   The agreement states that the arbitrator's decision is "final and binding" upon the parties; the arbitration award is confidential; and neither party may enter an aware in a court of competent jurisdiction.   Arbitration agreements that completely eliminate the right to appeal are unenforceable. See Alterra Healthcare Corp. v. Bryant, 937 So. 2d 263, 267 (Fla. 4th DCA 2006) ("The complete waiver of a right to appeal any arbitration decision ... is unenforceable as contrary to public policy.")

### D.    Unduly Burdensome and Costly

Plaintiff will be unduly burdened and expensed should the arbitration agreement be enforced.   She would likely need to retain counsel admitted to practice in the State of Texas.

### E.    Stay of Proceedings

Should the Court grant the Motion to Compel Arbitration, this action should be stayed. Katz v. Cellco Partnership, 794 F.3d 341 (2d Cir.2015)( Stay of proceedings, rather than dismissal of complaint, was required under the Federal Arbitration Act (FAA)).

## IV.    CONCLUSION

For the foregoing reasons, defendant's Motion to Compel Arbitration should be denied.

      Respectfully Submitted,


  By /s/ James V. Sabatini
  James V. Sabatini, Esquire    CT 19899
  Sabatini and Associates, LLC
  One Market Square
  Newington, CT   06111
  Tel. No.:   860-667-0839
  Fax No.:   860-667-0867
  e-mail:   jsabatini@sabatinilaw.com

  Attorney for Plaintiff