UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAOLA IMPEDUGLIA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No.: 3:21-cv-01342 (OAW) |
| V. | : | |
| | : | |
| FAIRWAY INDEPENDENT MORTGAGE CORPORATION, | : | |
| | : | |
| Defendant. | : | April 14, 2022 |

### PLAINTIFF'S RESPONSE TO THE COURT'S SHOW CAUSE ORDER

Plaintiff, by and through her counsel, Attorney James Sabatini, responds to the Court's Show Cause Order.  Plaintiff responds as follows.

1.  First, an apology to the Court for missing the deadline to file an Objection to the defendant's Motion to Compel Arbitration.  Ordinarily, the undersigned's staff calendars the filing of such Motions with the deadline to respond.  A Motion for Extension of Time is ordinarily filed when the deadline cannot be met.  There was an oversight in this instance resulting in the Objection being filed late.

2.  The undersigned's firm has been working under challenging circumstances.  The undersigned lost Associate Attorney Zachary Gain at the end of 2021.  A new associate attorney was hired, Daniel Carlson.  Attorney Carlson abruptly resigned in mid-March 2022. The undersigned has a staff member who lost her mother in early March 2022; a staff member who is pregnant and receives time off for medical appointments; and a staff member with a medical condition who receives time off for medical appointments.

3.  Plaintiff's counsel filed the Objection to the Motion to Compel immediately after realizing that the deadline had past and an extension of time had not been filed. Plaintiff's

1

counsel did not intend to prejudice or disadvantage the defendant by filing the Objection past the initial deadline.   Defendant will not be prejudiced or disadvantaged by the Court's consideration of the Objection.

    4.      In the context of untimely objections to discovery requests, the Court in <u>McKissick v. Three Deer Ass'n Ltd. Partnership</u>, 265 F.RD. 55 (D.Conn.2010) found that administrative error caused the untimely assertion of objections; found that the opposing party would be not be prejudiced should the court excuse the lateness; and found that the delay in asserting the objection was done with the intent to gain an unfair advantage.   For all of these reasons, the court in <u>McKissick</u> found good cause to excuse the late objection.   Respectfully, the court in this case should do the same.

    5.      Even if the Court does not find good cause to entertain plaintiff's Objection, the Court must still determine whether the arbitration agreement is enforceable as to plaintiff's CFEPA'S claim. "[A] court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute. To satisfy itself that such agreement exists, the court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce." <u>Gove v. Career Systems Development Corp.</u>, 689 F.3d 1, 4 (1st Cir.2012).   Lastly, "courts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement nor (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue." <u>Granite Rock v. Teamsters</u>, 561 U.S. 287, 130 S.Ct. 2847 at 2857–2858 (2010).

    6.      Should the Court compel arbitration, Second Circuit precedent requires the action to be stayed. <u>Katz v. Cellco Partnership</u>, 794 F.3d 341 (2d Cir.2015)

For the foregoing reasons, plaintiff has established good cause for permitting the consideration of her Objection to the Motion to Compel.

Respectfully Submitted,

By /s/ James V. Sabatini
James V. Sabatini, Esquire    CT 19899
Sabatini and Associates, LLC
One Market Square
Newington, CT   06111
Tel. No.:   860-667-0839
Fax No.:   860-667-0867
e-mail:   jsabatini@sabatinilaw.com

Attorney for Plaintiff

## **ELECTRONIC CERTIFICATE OF SERVICE**

      I hereby certify that on April 14, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.   Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing.   Parties may access this filing through the Court's CM/ECF System.

      /s/ James V. Sabatini
      James V. Sabatini